IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:11cr180-MHT |
| | ) | (WO) |
| DERIC WILSON | ) | |

## OPINION AND ORDER

Pursuant to Federal Rule of Criminal Procedure 12.2(c) and 18 U.S.C. § 4241, counsel for defendant Deric Wilson has requested, without opposition, that Wilson undergo psychiatric evaluation to assess his current level of competence and his psychiatric condition at the time of the offense alleged in the indictment.

Based upon meetings with Wilson, defense counsel represents that Wilson's "level of comprehension and ability to understand the consequences of proceeding to trial or accepting a guilty plea" may be insufficient; that Wilson lacks the "ability to provide sufficient assistance in preparing his defense"; and wonders whether this apparent insufficiency was present "at the time of

the offense." Mot. for Psych. Eval. (Doc. No. 30) at 1-2. In light of these representations and the fact that Wilson has been previously diagnosed and treated for paranoid schizophrenia, the court has a "bona fide doubt," United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003), regarding Wilson's mental competence. This doubt includes the time of the offense and Wilson's current condition, which affects both his ability to stand trial and to engage in plea negotiations that would result in a valid plea, that is, a plea that is voluntarily, knowingly, and intelligently made. See San Pedro v. United States, 79 F.3d 1065, 1075 (11th Cir. 1996). The court finds, therefore, that a psychiatric examination is warranted.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Deric Wilson's motion for a psychiatric evaluation (Doc. No. 30) is granted.

2

(2) Dr. Glen King of Kirkland & King Clinical & Forensic Psychologists, 1520 Mulberry Street Montgomery, Alabama 36106, is appointed to perform a psychological evaluation of defendant Wilson.

(3) Defendant Wilson is to meet with Dr. King for the purpose of having a psychological evaluation conducted.

(4) Counsel for defendant Wilson is to arrange the times and dates for defendant Wilson to meet with Dr. King.

(5) Pursuant to 18 U.S.C. § 4247(c), Dr. King is to conduct the necessary battery of tests to provide the court with the requisite information concerning defendant Wilson's competency <u>both</u> now and at the time of the alleged offense, which shall include the following:

    (a) Defendant Wilson's personal medical history and present symptoms;

    (b) A description of the psychiatric, psychological, and medical tests that were employed and their results;

    (c) Dr. King's findings, opinions, and conclusions as to defendant Wilson's diagnosis and prognosis, and whether defendant Wilson's current condition is such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (d) Dr. King's findings, opinions, and conclusions as to defendant Wilson's condition at the time of the alleged criminal offense.

(6) Dr. King is to file his report with the court by no later than December 12, 2011. He is also to provide copies to counsel for defendant Wilson and counsel for the United States.

(7) Funds not to exceed $1,000.00 are approved pursuant to 18 U.S.C. § 3006A(e)(3) for the purpose of engaging Dr. King to evaluate defendant Wilson.

(8) A hearing regarding defendant Wilson's competency is set for December 19, 2011, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr. Federal Courthouse Complex, One Church Street, Montgomery, Alabama 36104.

DONE, this the 10th day of November, 2011.

                                          /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE