IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL ACTION NO.
                              )      2:11cr180-MHT
DERIC WILSON                  )         (WO)

<u>OPINION AND ORDER</u>

This cause is before the court on defendant Deric Wilson's motion to continue, which is unopposed. For the reasons set forth below, the court finds that jury selection and trial, currently set for December 5 , 2011, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. In pertinent part, The Act provides:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or
> indictment with the commission of an
> offense shall commence within seventy
> days from the filing date (and making
> public) of the information or
> indictment, or from the date the
> defendant has appeared before a judicial
> officer of the court in which such
> charge is pending, whichever date last
> occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   §  3161(h)(7)(A).   In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would  "result  in  a  miscarriage  of  justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Wilson in a speedy trial. Granting a continuance is necessary to assure that Wilson and the government have sufficient time to prepare effectively for trial.

Defense counsel filed a motion requesting a psychiatric evaluation of Wilson to assess his competence to stand trial or enter a plea agreement and to shed light on his competence at the time of his alleged criminal conduct. The court has orally granted this motion, which is the basis of the continuance motion now before the court. Allowing medical professionals the time to complete this examination and to submit a report to the court is essential to allowing defense counsel and the government an opportunity to determine how to proceed, including how to prepare for trial and whether and how to negotiate a plea. In addition, a continuance is necessary to permit the court an opportunity to assess

whether there is reasonable cause to believe Wilson is not competent to stand for trial or enter into a knowing, voluntary, and intelligent plea. Continuing the trial date, therefore, not only serves the ends of justice by enabling effective preparation, but is necessary to ensure that the disposition of this case comports with due process and the constitution.

                              ***

    Accordingly, it is ORDERED as follows:

    (1) Defendant Deric Wilson's motion for continuance (Doc. No. 33) is granted.

    (2) The jury selection and trial, now set for December 5, 2011, are reset for April 16, 2012, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr. Federal Courthouse Complex, One Church Street, Montgomery, Alabama 36104.

    DONE, this the 14th day of November, 2011.

                    /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE